UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REINHART FOODSERVICE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 4943 |
| | ) |
| CHICAGO ROADHOUSE CONCEPTS, | ) Magistrate Judge Daniel G. Martin |
| LLC, TEXAS CORRAL RESTAURANTS II, INC., | ) |
| TEXCOR, INC., and T.C. OF KALAMAZOO, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Reinhart Foodservice, LLC ("Reinhart") brings this lawsuit against Defendants Chicago Roadhouse Concepts, LLC, Texas Corral Restaurants II, Inc., Texcor, Inc., and T.C. of Kalamazoo, Inc. ("Defendants") alleging a single claim of breach of contract against each Defendant. Reinhart alleges that Defendants violated an agreement to pay for food and restaurant supplies purchased from Reinhart. Reinhart has moved for summary judgment on its breach of contract claim. For the reasons explained below, Reinhart's motion [57] is granted in part and denied without prejudice in part as to its request for attorneys' fees.

### I. FACTUAL BACKGROUND

Reinhart says it is the 4th largest foodservice distributor in the country. See http//rfsdelivers.com/company. Defendants are in the restaurant business. On May 19, 2009, Reinhart and each Defendant entered into a valid and enforceable Credit Agreement. (Doc. 68 at ¶¶ 1, 5). Pursuant to the Credit Agreements, Reinhart agreed to provide certain goods and services to Defendants in return for payment by Defendants. Id. at 2. Each Credit Agreement contains the following terms:

> 1. All amounts due for goods and services purchased from Seller are payable at the Seller's distribution facility from which the goods and services are delivered. Purchaser acknowledges that such amounts are not payable in installments, but are payable in full as stated herein.
>
> . . .

3. All amounts due Seller, including lease payments, are payable in accordance with the payment terms granted by Seller's credit department from which the goods and services are delivered. If any amount due Seller is not paid in accordance with such payment terms, a delinquency charge shall be added to the sum due, which charge shall equal the amount obtained by multiplying the delinquent balance by the lesser of (a) one and one-half percent (1½%) per month or (b) the maximum lawful rate permitted to be charged under the applicable state's law.

. . .

6. In the event the account is turned over to an attorney or other agency for collection, or suit is brought on same, or the same is collected through any judicial proceeding whatsoever, . . . Purchaser shall pay all expenses including attorneys' fees and court costs incurred by Seller.

(Doc. 57-3 at 2, 4, 6, 8).

For purposes of summary judgment, Reinhart claims that Defendant Chicago Roadhouse L.L.C. d/b/a Amarillo Roadhouse owes the principal sum of sum of $21,176.28 as of February 15, 2013, accrued finance charges from April 1, 2013 to April, 2016 at 1.5% per month in the amount of $11,435.19, for a total amount due of $32,611.47, not including attorney's fees and costs. (Docs. 57-4 at 31-32, 57-5 at ¶¶ 6, 9, 10). Reinhart also claims that Defendant Texcor, Inc. a/k/a Texcor Portage owes the principal sum of sum of $64,270.46 as of February 15, 2013, accrued finance charges from April 1, 2013 to April, 2016 at 1.5% per month in the amount of $34,706.05, for a total amount due of $98,976.51, not including attorney's fees and costs. (Docs. 57-4 at 33, 57-5 at ¶¶ 7, 11, 12).[1] Reinhart further claims that Defendant Texas Corral Restaurants, II, Inc. a/k/a Texas Corral – Benton Harbor owes the principal sum of sum of $54,148.91 as of February 15, 2013, accrued finance charges from April 1, 2013 to April, 2016 at 1.5% per month in the amount of $29,240.41, for a total amount due of $83,389.32, not including attorney's fees and costs. (Docs. 57-4 at 34, 57-5 at ¶¶ 8, 13, 14).[2] Finally, Reinhart

---

[1] Reinhart mistakenly indicated in paragraph 7 of its Local Rule 56.1(a)(3) Statement that Defendant Texas Corral Restaurants II, Inc. owed the principal sum of $64,270.46, rather than Defendant Texcor, Inc. (Docs. 57-4 at 33; 57-5 at ¶ 7).

[2] Reinhart mistakenly indicated in paragraph 8 of its Local Rule 56.1(a)(3) Statement that Defendant Texcor, Inc. owed the principal sum of $54,148.91, rather than Defendant Texas

2

claims that Defendant T.C. of Kalamazoo a/k/a Texas Corral of Kalamazoo owes the principal sum of sum of $48,380.01 as of February 15, 2013, accrued finance charges from April 1, 2013 to April, 2016 at 1.5% per month in the amount of $26,125.21, for a total amount due of $74,505.22, not including attorney's fees and costs. (Docs. 57-4 at 35, 57-5 at ¶¶ 15, 16).

In their response to Reinhart's Request for Admission No. 2, each Defendant admitted that it has an outstanding invoice with Reinhart as follows: Chicago Roadhouse - $21,176.28; Texcor – Portage - $64,270.46; Texas Corral – Benton Harbor - $54,148.91; Texas Corral – Kalamazoo - $48,380.01. (Docs. 57-3 at 24-25, 57-4 at 34-39). Defendants now deny liability in the sums specified, arguing that Reinhart failed to perform a material part of the Credit Agreements. (Doc. 68 at ¶¶ 6-16).

## II. DISCUSSION

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists that precludes summary judgment, the Court construes all facts and inferences in the light most favorable to the nonmoving party. Love v. JP Cullen & Sons, Inc., 779 F.3d 697, 701 (7th Cir. 2015). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The parties agree that Illinois law governs Reinhart's breach of contract claim. Under Illinois law, to prevail on a breach of contract claim, a plaintiff must show: "'(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages.'" Roberts v. Columbia College Chicago, 821 F.3d 855, 863 (7th Cir. 2016) (quoting W.W. Vincent & Co. v. First Colony Life Ins. Co., 814 N.E.2d 960, 967 (Ill. App. 2004)). In this case, there is a valid and enforceable contract between Reinhart

---

Corral Restaurants, II, Inc. a/k/a Texas Corral – Benton Harbor. (Docs. 57-4 at 34; 57-5 at ¶ 8).

3

and Defendants, Reinhart delivered goods and services to Defendants and did not receive full payment for these good and services, and Reinhart incurred damages as a result of the alleged breach. The only issue raised by Defendants is Reinhart's performance of conditions it was required to perform.

In response to Reinhart's summary judgment motion, Defendants claim that they are not responsible for the outstanding balance of the invoices. Defendants argue that Reinhart's breach of an oral agreement to provide steaks aged no less than 28 days excuses Defendants' performance under the Credit Agreements. Defendants contend that they need not pay the amount due under the Credit Agreements because "[u]nder Illinois law, a material breach of a contract will excuse subsequent performance by the other party." C&K Nuco, LLC v. Expedited Freightways, LLC, 2016 WL 3364766, at *12 (N.D. Ill. June 17, 2016). Defendants have set forth evidence that in 2012, the parties agreed that all steaks supplied pursuant to the Credit Agreements were to be aged for no less than 28 days and that Reinhart steaks provided to Defendants were aged seven days or less. Paul Switzer, Defendants' owner or manager, states in his affidavit that in 2012, the parties agreed that all steaks supplied to Defendants would be aged for no less than 28 days. (Doc. 67-1 at ¶ 5). Switzer's affidavit also states that Reinhart failed to provide Defendants with steaks that met the aging requirements and Defendants lost at least one million one hundred thousand dollars of gross sales based upon the non-conforming steaks being supplied. See also (Docs. 67-3 at ¶¶ 5-7; 67-4 at ¶¶ 5-7).[3]

Reinhart contends that Defendants admitted liability and damages for Reinhart's breach of contract claim and therefore, Defendants are not excused from their obligation to perform under the Credit Agreements. The Court agrees that Defendants have admitted that they owe

---

[3] These facts are drawn from Defendants' Local Rule 56.1(b)(3)(c) statement of additional facts (doc. 69 at 1-2), to which Reinhart did not file any response. Therefore, pursuant to Local Rule 56.1(a), Defendants' fact statements are deemed admitted. N.D. Ill. L.R. 56.1(a) (stating "all material facts set forth in the statement filed pursuant to section (b)(3)(c) will be deemed admitted unless controverted by the statement of the moving party.").

Reinhart $187,975.66 for goods and services provided and cannot ward off summary judgment by now arguing that Reinhart failed to perform a material part of the agreement. Defendants base their argument solely upon affidavits submitted after Reinhart moved for summary judgment, which contradict their prior discovery responses, specifically answers to Reinhart's interrogatories. During discovery, Defendants admitted that Reinhart is owed at least $187,975.66 for goods and services provided by Reinhart under the Credit Agreements. In its interrogatories, Reinhart asked and Defendants answered as follows:

> Interrogatory No. 3: Do you contend that you owe no further payments to Reinhart for goods and services provided?
>
> Answer: No.
>
> Interrogatory No. 4: If you answered "yes" to Interrogatory No. 3, list all bases on which you assert that you owe no further payments to Reinhart for goods and services provided.
>
> Answer: N/A.
>
> Interrogatory No. 5: If you answered "no" to Interrogatory No. 3, what amount do you contend you owe to Reinhart for goods and services provided: Provide your bases for such amounts.
>
> Answer: See documents Bate-stamped Nos. 30-35 on Defendants' Initial Disclosures.

(Doc. 57-3 at 23).[4] In Documents Nos. 30-35 of Defendants' Initial Disclosures, Defendants indicated the following amounts were due to Reinhart:

---

[4] The Court notes that Defendants' interrogatory answers were not signed under oath by Paul Switzer, Defendants' representative, as required by Rule 33(b)(3) and (5) of the Federal Rules of Civil Procedure. (Doc. 57-3 at 23). Defendants do not contest the truthfulness of any matters stated in the interrogatory answers or otherwise object Reinhart's reliance on the answers. "On a motion for summary judgment, if no objection is made to an affidavit which is objectionable under Rule 56(e) (now Rule 56(c)(4)), the affidavit may be considered by the court in ruling on the motion." Klingman v. National Indem. Co., 317 F.2d 850, 854 (7th Cir. 1963); Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1267 (7th Cir. 1986) (holding "a party must move to strike an affidavit that violates Rule 56(e); if he fails to do so, he will waive his objection and in the absence of 'a gross miscarriage of justice,' the court may consider the defective affidavit."). An analogous rule is applicable here. Since Defendants did not move to strike or otherwise object to Reinhart's reliance on their unsigned and unsworn interrogatory answers, the Court deems any objection to their admissibility to have been waived. See also Fed. R. Civ. P. 56(c)(2) (permitting a party to object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.").

     Chicago Roadhouse Concepts/Amarillo Roadhouse - $21,176.28

     Texcor – Portage - $64,270.46

     Texas Corral – Benton Harbor - $54,148.91

     Texas Corral – Kalamazoo - $48,380.01

(Doc. 57-4 at 34-39). The cumulative total Defendants admitted is due to Reinhart is $187,975.66.

The Seventh Circuit has "long followed the rule that parties cannot thwart the purposes of Rule 56 by creating 'sham' issues of fact with affidavits that contradict their prior" sworn statements. <u>Bank of Illinois v. Allied Signal Safety Restraint Systems</u>, 75 F.3d 1162, 1168 (7th Cir. 1996). This rule extends to affidavits that contradict interrogatories. <u>Donohue v Consol. Operating & Prod. Corp.</u>, 982 F.2d 1130, 1136 n.4 (7th Cir. 1992) (affirming district court's refusal to consider an affidavit which contradicted earlier responses to an interrogatory). "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." <u>Bank of Illinois</u>, 75 F.3d at 1170 (quoting <u>Van T. Junkins & Associates, Inc. v. U.S. Industries, Inc.</u>, 736 F.2d 656, 657 (11th Cir. 1984)).

In response to Interrogatory No. 3, Defendants stated that they do not contend that they owe no further payments to Reinhart for goods and services provided. Defendants were then asked by Interrogatory No. 5 what amounts they contend they owe Reinhart for goods and services and the bases for those amounts. Defendants answered that they owe further payments to Reinhart in the amounts listed at pages 30-35 of their Initial Disclosures. (Docs. 57-3 at 23, 57-4 at 34-39). Nowhere in their answers to Interrogatory Nos. 3-5 did Defendants state that they did not owe Reinhart any amount for the goods and services because Reinhart failed to substantially perform its part of the bargain by delivering nonconforming steaks.

Defendants now take the position that they are not responsible for the balance of the invoices because Reinhart did not substantially perform a material part of the agreement.

Defendants' position that Reinhart did not substantially perform a material part of the agreements excusing their performance conflicts with their statements that they do not contend that they owe no further payments to Reinhart and that they owe $187,975.66 to Reinhart. Defendants provide no explanation as to why they now claim that they are not responsible for the outstanding balances of the invoices which were admitted, without qualification, but did not make any reference to Reinhart's failure to substantially perform when Defendants provided interrogatory responses. If Defendants wanted to assert the prior material breach defense they now offer, they should have qualified their responses to the interrogatories accordingly. Donohoe v. Consol. Operating & Prod. Corp., 736 F.Supp. 845, 863 (N.D. Ill. 1990) (aff'd in part, vacated in part by 982 F2d 1130 (7th Cir. 1992)) (recognizing that "[t]he opportunity for time and thought in preparing interrogatory responses makes the later change of position in an affidavit even more suspect."). Defendants admit that they had evidence that Reinhart was not suppling conforming steaks years before they answered Reinhart's interrogatories on September 2, 2015. Having admitted that they owe $187,975.66 in response to Reinhart's interrogatories, there is no genuine issue of material fact regarding the amount that Defendants owe Reinhart for goods and services.

Reinhart also seeks finance charges, attorneys' fees, and costs. It is undisputed that the Credit Agreements provide that delinquent amounts are subject to a delinquency charge of 1.5% per month. (Doc. 68 at 2, ¶4). Reinhart calculates that Chicago Roadhouse L.L.C. owes finance charges in the amount of $11,435.19, Texcor, Inc. a/k/a Texcor Portage owes finance charges in the amount of $34,706.05, Texas Corral Restaurants, II, Inc. a/k/a Texas Corral – Benton Harbor owes finance charges in the amount of $29,240.41, and T.C. of Kalamazoo, Inc. a/k/a Texas Corral of Kalamazoo owes finance charges in the amount of $26,125.21. (Doc. 57-5 at ¶¶ 9, 11, 13, 16). Defendants do not dispute Reinhart's calculation of the finance charges

or offer a different calculation of the finance charges at issue. Thus, Reinhart's request for $101,506.86 in finance charges is granted.

As to attorneys' fees and costs, it is uncontested that Reinhart is entitled to recover attorneys' fees and court costs incurred in collecting a delinquent account. (Doc. 68 at 1-2, ¶3). Defendants objects to Reinhart's request for attorney's fees as premature because Reinhart has not complied with Local Rule 54.3. The Court agrees that Reinhart's request for attorneys' fees is premature. The parties shall comply with the procedures and deadlines in Local Rule 54.3 in an attempt to agree on attorneys' fees and costs. Reinhart's request for fees is denied without prejudice to reassertion in a motion that complies with Local Rule 54.3, if necessary.

## III. CONCLUSION

Because the undisputed facts establish that Reinhart is entitled to judgment as a matter of law on its contract claim against each Defendant, its summary judgment motion is granted in part and denied in part without prejudice as to its request for attorneys' fees. The Clerk is directed to enter judgment in favor of Reinhart and against Defendant Chicago Roadhouse Concepts, LLC in the amount of $32,611.47, Defendant Texas Corral Restaurants II, Inc. in the amount of $83,389.32, Defendant Texcor, Inc. in the amount of $98,976.51, and Defendant T.C. of Kalamazoo, Inc. in the amount of $74,505.22.

**E N T E R :**

*[signature: Daniel G. Martin]*

**Daniel G. Martin**
**United States Magistrate Judge**

**Dated: July 27, 2016**